The Honorable Randy Laverty State Senator Post Office Box 303 Jasper, AR 72641-0303
Dear Senator Laverty:
I am writing in response to your request for my opinion on a question arising from the following reported facts:
A constituent of mine owns land that is being claimed by another landowner through an adverse possession claim.
Apparently without any notice, a previous landowner built a fence and installed a gate on my constituent's property. My constituent was not aware of the fence and gate being constructed. Apparently more than seven years have passed since the fence and gate were constructed. My constituent, last summer, cut the padlock, opened the gate, mowed the field and cut some brush and fallen timber on the land in question.
In the meantime, the landowner that constructed the fence and gate sold their land and this contested land to a person in another state.
The landowner that constructed the fence and gate never pursued an adverse possession claim.
Against this backdrop, you have posed the following question:
As per the above facts, does the subsequent out-of-state buyer have to wait the required seven years before he can claim ownership of my constituent's acreage by way of an adverse possession claim?
RESPONSE
I must respectfully decline to answer this question, which involves a factually *Page 2 
complicated dispute among various private parties, one of whom is the constituent who, through you, has sought my guidance. Although I am required to provide my opinion on matters of law to members of the General Assembly and various state officials, see A.C.A. § 25-16-706, I am expressly prohibited from engaging in the private practice of law, see A.C.A. § 25-16-701. There is further a suggestion in your statement of facts that the out-of-state buyer has instituted an action to quiet title in the property, apparently based upon his seller's possible claim of ownership by adverse possession. In order to avoid encroaching upon exclusively judicial prerogatives, it has long been the policy of this executive-branch office to avoid rendering purely advisory opinions on matters that are the subject of judicial resolution in a pending lawsuit. I consequently cannot render an opinion in this matter.
However, for your information, I can and will provide you a copy of Ark. Op. Att'y Gen. No. 2006-041, in which my immediate predecessor generally discussed the principles of law that might apply in considering claims of adverse possession. I hope this information will prove of some assistance.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General